

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann

ATTORNEY GENERAL

Hon. Stanley Timmons
County Attorney
Harrison County
Marshall, Texas

Opinion No. O-2104
Re: Overloading - Constables -
Fees - Arrests - Release.

Dear Sir:

We have received and carefully considered your request for an opinion upon the following questions:

"Question No. 1: When a local constable is working with, accompanying, and assisting a representative or officer of the license and weight inspector of the license and weight division of the Department of Public Safety of the State of Texas, and such constable and inspector acting together apprehend, stop, and weigh a truck under the provisions of Article 827a, Section 5 of the Penal Code which reads as follows:

"'No commercial motor vehicle, truck, tractor, trailer, or semi-trailer shall be operated on the public highway outside the city limits of an incorporated city or town with a load exceeding 7000 pounds or any such vehicle or train or combination of vehicles; and no motor vehicle, commercial, truck, trailer, or semi-trailer, having a greater weight than 600 pounds per inch width of tire upon any wheel concentrated upon the surface of the highway shall be operated on the public highway outside the limits of an incorporated city or town; provided, however, that the provisions of this section shall not become effective until the first day of January, 1932.'

"And, at that time, the inspector for the license and weight division of the Department of Public Safety of the State of Texas, aids not place the defendant under arrest and take before a magistrate instanter, but in lieu of that, gives to the defendant in the case a ticket in which the defendant promises to appear before some particular court and thereafter, and prior to

the date on which the defendant agrees to appear, the constable has prepared a complaint, warrant, and subpoena, serving the warrant on the defendant when he makes the appearance and prior to a trial of the consideration, is he, the constable, entitled to the arrest fee of two dollars together with a charge for subpoena service of any person or persons actually subpoenaed?

"Question No. 2:  If a constable is accompanying and working with, and assisting an employee or inspector of the license and weight division of the Department of Public Safety of the state of Texas, and upon apprehension by such inspector of the license and weight division of the Department of Public Safety and the Constable, a driver of a truck is charged for the violation of Article 827a of the Penal Code wherein the person charged is given a notice to appear, and does, as to same, make his appearance at a subsequent date as agreed upon at the time of his apprehension and makes a plea of guilty before the court, the inspector for the license and weight division of the Department of Public Safety being absent, is the constable who was with, and assisting the inspector, entitled to collection of the fine and cost and a release fee when accepting such fine and cost and releasing the defendant from the terms of the judgment assessed?

"Question No. 3:  If a constable is accompanying, working with, and assisting an inspector of the license and weight division of the Department of Public Safety, and upon apprehension by such inspector and constable, a driver of a truck is charged for the violation of Article 827a of the Penal Code of the State of Texas wherein the person there charged is given a notice to appear but prefers to then and there enter his plea before a proper magistrate and is accompanied by the constable to the office of the court and makes his plea and is assessed a money judgment and the fine and cost is then and there paid to the constable who receipts the defendants therefor, is the constable entitled to a release fee of one dollar upon the payment of such fine and release by him of the defendant?"

Article 1065, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"1. For executing each warrant of arrest or capias, or making arrest without warrant, two dollars.

"2. For summoning each witness, seventy-five cents.

"3. For serving any writ not otherwise provided for, one dollar.

"4. For taking and approving each bond, and returning the same to the court house, when necessary, one dollar and fifty cents.

"5. For each commitment or release, one dollar.

"6. Jury fee, in each case where a jury is actually summoned, one dollar.

"7. For attending a prisoner on habeas corpus, when such prisoner, upon a hearing, has been remanded to custody, or held to bail, for each day's attendance, four dollars.

"8. For conveying a witness attached by him to any court out of his county, four dollars for each day or fractional part thereof, and his actual necessary expenses by the nearest practicable public conveyance, the amount to be stated by said officer, under oath and approved by the judge of the court, from which the attachment issued.

"9. For conveying a prisoner after conviction to the county jail, for each mile, going and coming, by the nearest practicable route by private conveyance, ten cents a mile, or by railway, seven and one-half cents a mile.

"10. For conveying a prisoner arrested on a warrant or capias issued from another county to the court or jail of the county from which the process was issued, for each mile traveled going and coming, by the nearest practicable route, twelve and one-half cents.

"11. For each mile he may be compelled to travel in executing criminal process and summoning or attaching witness, seven and one-half cents. For traveling in the service of process not otherwise provided for, the sum of seven and one-half cents for each mile going and returning. If two or more persons are mentioned in the same writ, or two or more writs in the same case, he shall charge only for the distance actually and necessarily traveled in the same."

Article 1011, Vernon's Annotated Texas Code of Criminal Procedure provides that "no item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided for."

This department has repeatedly ruled that constables and sheriffs are not entitled to fees except for legal services performed, as outlined by the fee statutes. See opinions Nos. 0-106, 0-693, 0-768, 0-963, 0-1160 and many other opinions of this department.

Article 827a, Section 5, Vernon's Annotated Texas Penal Code, reads as follows:

"No commercial motor vehicle, truck-tractor, trailer or semi-trailer shall be operated on the public highway outside of the limits of an incorporated city or town with a load exceeding seven thousand (7000) pounds on any such vehicle or train or combination of vehicles; and no motor vehicle, commercial motor vehicle, truck-tractor, trailer or semi-trailer having a greater weight than six hundred (600) pounds per inch width of tire upon any wheel concentrated upon the surface of the highway shall be operated on the public highways outside of the limits of an incorporated city or town; provided, however, that the provisions of this section shall not become effective until the first day of January, 1932."

Article 239, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"A person is said to be arrested when he has been actually placed under restraint or taken into custody by the officer or person executing the warrant of arrest."

Article 217, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"In each case enumerated in this chapter, the person making the arrest shall immediately take the person arrested before the magistrate who may have ordered the arrest, or before the nearest magistrate where the arrest was made without an order."

Article 319, Vernon's Annotated Texas Penal Code, reads as follows:

"Any officer, jailer, or guard having the legal custody of a person accused or convicted of a misdemeanor who wilfully permits such person to escape or to be rescued shall be fined not exceeding one thousand dollars."

Article 322, Vernon's Annotated Texas Penal Code, reads as follows:

"Any officer, jailer, or guard who has the legal custody of a person accused or convicted of a misdemeanor who negligently permits such person to escape or to be rescued shall be fined not exceeding five hundred dollars."

Article 916, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"All judgments and final orders of the justice shall be rendered in open court and entered upon his docket."

Article 917, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"The judgment, in case of conviction in a criminal action before a justice of the peace, shall be that the State of Texas recover of the defendant the fine and costs, <u>and that the defend-and remain in custody of the sheriff until the fine and costs are paid; and that execution issue to collect the same.</u>" (Underscoring ours)

Article 920, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a sufficient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

Article 792, Vernon's Annotated Texas Penal Code, reads as follows:

"In case of any person arrested for violation of the preceding articles relating to speed of vehicles, unless such person so arrested shall demand that he be taken forthwith before a court of competent jurisdiction for an immediate hearing, the arresting officer shall take the license number, name and make of the car, the name and address of the operator or driver thereof, and notify such operator or driver in writing to appear before a designated court of competent jurusdiction at a time and place to be specified in such written notice at least five days subsequent to the date thereof, and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release such person from custody. Any person wilfully violating such promise, regardless of the disposition of the charge upon which he was originally arrested, shall be fined not less than five nor more than two hundred dollars."

Article 792, supra, authorizes the "giving of a ticket or written notice" by the arresting officer to a person arrested for violation of penal articles preceding Article 792, relating to the speed of motor vehicles, and provides a penalty for the violation of the offender's promise to appear. This article does not apply to Article 827a, Section 5, supra. There is no

statutory authority for the issuance of tickets or written notices by arresting officers in overloading cases.

Opinion No. O-1189 of this department holds that only where the facts show that the defendant is in the actual and legal custody of a constable at the time he pleads guilty and pays his fine is the constable entitled to a release fee. This opinion further holds that when the defendant mails his fine, voluntarily appears alone or appears in the legal custody of another officer, the constable is not entitled to a release fee. We enclose a copy of said opinion.

Opinion No. O-1454 of this department holds, among other things, that constables and sheriffs do not have the authority to make arrests without warrants for violations of the load limit law. Said opinion contains a full discussion of said matter and we enclose herewith a copy of said opinion.

Opinion No. O-693 of this department holds, among other things, that a constable is not entitled to an arrest fee for reading a warrant of arrest to a motorist for speeding when the motorist was in the custody of and under arrest by a Highway Patrolman. Said opinion also holds that a constable would not be entitled to fees for serving a subpoena unless he actually and legally executed the same.

In answer to your first question you are respectfully advised as follows:

It is a question of fact as to whether or not the License and Weights Inspector arrested the truck driver at the time he stopped him and gave him a ticket. If the truck driver was arrested by the License and Weights Inspector it was the duty of the License and Weights Inspector to carry the truck driver before the nearest magistrate and this duty could not be performed by the giving of a "ticket" unauthorized by law. If he did not arrest the truck driver there was no necessity or lawful reason for his attempted effort to require the truck driver to appear in court at a later date upon the purported authority of a "ticket." If the truck driver was arrested and released without authority of law, he would perhaps occupy the same status as "an escaped prisoner." But regardless of whether or not the truck driver was an "escaped prisoner", if the constable executed a valid warrant of arrest legally issued by the Justice of the Peace by arresting said truck driver at a later date he would be entitled to an arrest fee and his proper mileage. If he executed valid subpoenas for witnesses in the case lawfully issued by the Justice of the Peace he would be entitled to his fees and mileage for executing such process.

In answer to question No. 2, you are respectfully advised that it is the opinion of this department that:

1. The constable would not be entitled to any fees unless he actually performed _legal_ services. He would not be entitled to any pay for any _illegal_ services performed.

2. He would not be entitled to an arrest fee because the facts stated do not show a lawful arrest by the constable; indeed, the facts indicate that if an arrest was made that it was made by the License and Weights Inspector. If the constable made the arrest it would be an illegal arrest without warrant for which no fees could be given to the constable.

3. The question as to whether or not the constable would be entitled to a release fee would depend upon the facts in the case. If the Justice of the Peace rendered his judgment as outlined by Article 917, C.C.P., supra, and _in his judgment stated that the defendant was to remain in the custody of the constable until the fine and costs were paid_, and if the defendant, then in the actual custody of the constable and in the legal custody of the constable by virtue of the authority of said judgment, paid his fine and costs, the constable then would be entitled to a release fee for discharging the defendant from the force and effect of a judgment restraining him.

In answer to your third question, we are of the opinion that paragraph 3 of our answer to your second question answers your third question also.

APPROVED JUL 23, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning, Assistant

WJF:AW:wb

ENCLOSURE